**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-11193**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**NORMAN DAVID EADS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:95-CR-15-A)**

_____
September 13, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Norman David Eads appeals his convictions for conspiracy to commit mail and wire fraud and three counts of wire fraud, including aiding and abetting. We affirm.

Eads contends first that the evidence was not sufficient to support his convictions for conspiracy and wire fraud. Viewing the evidence in the light most favorable to the government, a rational

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

jury could have concluded that Eads entered into a conspiracy to defraud customers and that he and his co-conspirators employed the mail and telephone wires in carrying out that scheme. The evidence was sufficient. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Eads asserts next that the district court erred in refusing to give his requested instruction on "good faith" and in giving the Government's instruction on "deliberate ignorance". As for the former, the charge included a detailed instruction on the meaning of specific intent, and Eads, through closing argument, presented his "good faith" defense to the jury. Therefore, the district court did not abuse its discretion in refusing to give the instruction. *See United States v. Rochester*, 898 F.2d 971, 978-79 (5th Cir. 1990). The instruction on "deliberate ignorance" was proper, because the evidence supported an inference that Eads was subjectively aware of the wrongdoing and that his alleged ignorance was contrived. *See United States v. Daniel*, 957 F.2d 162, 169-70 (5th Cir. 1992).

Eads maintains that the district court plainly erred in failing to instruct the jury on the meaning of "material facts" in violation of *United States v. Gaudin*, 115 S. Ct. 2310 (1995). Because it is not settled that a materiality instruction is required for either wire fraud or conspiracy to commit mail and wire fraud, any error was not "plain". *See United States v. Calverley*, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc), *cert.*

*denied*, 115 S. Ct. 1266 (1995). In the alternative, Eads' substantial rights were not affected because the district court effectively submitted materiality to the jury by instructing them to determine whether Eads's misrepresentations were material. *Id.* at 164.

Eads' next contention is that the district court clearly erred in enhancing his base offense level under the Sentencing Guidelines for obstruction of justice based on his perjured trial testimony. The record reflects that Eads made material and false statements under oath at his trial. Therefore, the enhancement was proper. *See **United States v. Storm***, 36 F.3d 1289, 1295 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1798 (1995); ***United States v. Laury***, 985 F.2d 1293, 1308-09 (5th Cir. 1993).

Finally, Eads asserts that, for sentencing purposes, the district court erred in determining the amount of intended loss involved in the offense. The court's determination that Eads intended for the buyers to lose the amount of their purchases is supported by the record and therefore is not clearly erroneous. *See **United States v. Wimbish***, 980 F.2d 312, 313 (5th Cir. 1992), *cert. denied*, 508 U.S. 919 (1993). In addition, the district court's decision to hold Eads accountable for all of the company's sales was not clearly erroneous because Eads was engaged in joint criminal activity with the officers and managers of the company,

and the sales of the company were reasonably foreseeable to him. *See* U.S.S.G. § 1B1.3(a)(1)(B).

**AFFIRMED**